## McKernan *v.* The City of Indianapolis et al.

CITY.—*Proceedings to Change Channel of Stream.*—Where a city attempts to change the channel of a stream of water flowing through a portion of the city, there must be a substantial compliance with the requirements of the charter; and the commissioners appointed must estimate the value of the land or other property to be appropriated; the part thereof, if any, to be borne by the city; what real estate is benefited, specifying the same in parcels, with the name of the owner, if known, and the proportion of benefit or damage each would receive; and report upon each of the specifications; and any failure to comply with these requirements will render the proceedings ineffectual to give rights to the city, or divest the rights of the owners of the property affected.

APPEAL from the Marion Common Pleas.

WORDEN, C. J.—This was an action by the appellant against the appellees. The complaint alleges, in substance, that the plaintiff was the owner of a part of out-lot No. 126, in the city of Indianapolis; that the common council of the city had passed an ordinance for straightening "Pogue's Run," a natural stream of water running through a part of said city, so as to conduct the water out of its original natural channel through portions of the city, and upon and across the said property of the plaintiff; that the commissioners appointed for the purpose of assessing damages and benefits arising from improvements, had assessed the plaintiff's damages to the property in question at four hundred dollars, which had not been paid or tendered to him; that the city had let the contract for doing the work to the defendant, Robinson, who was going on with the work, and had commenced digging up his soil, etc. The complaint alleges that the proceedings are void, and asks damages for the injury done to his property, and that the defendants be enjoined from proceeding further, etc. The proceedings of the common council and the report of the commissioners of assessment are made a part of the complaint.

The defendants answered in one paragraph, setting out the same report of the commissioners, from which it appears that the damages assessed in favor of the plaintiff, in consequence of the improvement to the property in question, were four

hundred dollars, and to another piece of real estate the like sum of four hundred dollars; but that benefits were assessed to him in respect to other real estate, amounting to seven hundred and ninety-seven dollars and fifty cents, thus showing a balance due him on the improvement, of two dollars and fifty cents. The answer alleges a tender of this sum and the payment of costs after the commencement of the suit. The plaintiff demurred to the answer, for the want of sufficient facts, etc., but the demurrer was overruled, and exception was taken. Issue was then taken on the answer, and the cause was tried by the court. Finding and judgment for the plaintiff for one dollar in damages, and judgment accordingly, he having unsuccessfully moved for a new trial.

The finding for the plaintiff of the nominal sum of one dollar was upon the theory, we suppose, that the proceedings to condemn the property were all valid, but that the balance of two dollars and fifty cents should have been paid or tendered the plaintiff before the work was commenced.

Error is assigned upon the overruling of the plaintiff's demurrer to the defendants' answer, and a number of objections are urged to the validity of the proceedings set out; and, amongst others, it is objected that the commissioners did not make any estimate of the value of the property appropriated. The report of the commissioners is radically defective in this particular. The report states:

First. That the whole amount of damages sustained is five thousand two hundred and seventy dollars, which amount is distributed amongst different property holders as therein specified.

Second. That no part of the benefits arising from the changing of the course of such stream should be assessed against the city of Indianapolis.

Third. That the whole amount of benefits accruing to the owners of lots and parts of lots by changing the course of such stream is five thousand two hundred and seventy dollars, which is distributed and assessed against the owners of property as therein specified.

McKernan *v*. The City of Indianapolis *et al.*

There is in the report no estimate of the value of the property to be occupied as the new and artificial channel of the stream, or of the value of the particular lots, or parts of lots, through which it was to run. All that can be gathered from the report in this respect is that certain specified lots, and parts of lots, would be damaged in the sums stated; and that certain specified lots, and parts of lots, would be benefited in the sums stated.

These proceedings seem to have been had whilst the act of 1865, for the incorporation of cities, was in force. Acts 1865, Spec. Sess. p. 3. The 60th section of that act was the same as the 63d section of the present act (3 Ind. Stat. 96), and was as follows:

"Sec. 60. Such commissioners, or a majority of them, shall, at the place and time indicated in such notice, proceed to an examination of the real estate proposed to be appropriated as aforesaid, and shall then and there estimate: first, the value of the land or other property to be appropriated for such improvement; second, what part thereof, if any, ought to be borne by the city; third, what real estate, if any, would be benefited by the improvement, specifying the same in parcels, with the name of the owner, if known, and the proportion of benefits each would receive, and the proportion of damages sustained by each; they shall view the premises and receive any evidence touching the questions before them, and may, for that purpose, administer oaths to witnesses examined in relation thereto; they shall report upon each of the specifications above indicated, and, within ten days thereafter, file the same with the clerk of the city."

It will be seen that this section requires the commissioners to estimate "the value of the land or other property, to be appropriated for such improvement," and report thereon, as well as on the other "specifications above indicated."

There was an utter failure to comply with this requirement of the statute. Statutes of this description, where

property is to be condemned or appropriated to public use, must be at least substantially complied with; otherwise, no rights can be acquired under them, nor will the rights of the owner be divested or affected.

We are of opinion that the proceedings did not authorize the opening of a new channel for the stream through the plaintiff's lot, and hence, that the demurrer to the answer should have been sustained.

The judgment is reversed, with costs, and the cause remanded.

*J. T. Dye* and *A. C. Harris*, for appellant.
*J. S. Harvey*, for appellees.